By the Court.
Bosworth, J.
—In disposing of the first exception it must be borne in mind that, according to the theory of the plaintiff’s case, the bracelet was her property; and the witness acted as her agent, and was authorized to leave it with the defendants only upon the condition of their loaning $300, on the security of it. This was about the 1st of November, 1856. The witness returned without the bracelet and with only $100, in money. In the proper discharge of her duty as agent, and according to the usual course of things, it was natural to infer *381 that she told the plaintiff what had been said and done between her and the defendants in respect to the bracelet.
It was material to show what information was communicated to the plaintiff; whether she acquiesced in or objected to, what she was told had been agreed upon; for if she acquiesced, she would thereby assent to only such an arrangement as she was told had been made. She could not be deemed to have acquiesced in an arrangement which she had not authorized and of which she had never heard.
Whether she objected or assented to the arrangement, which the witness, so far as she had then testified, said she had made, and told her daughter she had made, could not by any possibility have affected the verdict.
That arrangement was that they were to advance $300 on the bracelet, and were to be allowed $50 on their bill. Although they did not advance but $100, and refused to advance the other $200, the jury were in effect told that, if they found for the plaintiff, and also found the arrangement authorized and made, to be such as testified to by the plaintiff’s mother, they must deduct from the value of the bracelet the $100 advanced, and the $50 which was to be allowed on their bill. It is not clear on what ground they were entitled to be allowed the $50, if they had refused to comply with the conditions, essential to create the right to retain it as security for that sum.
It is therefore quite clear, that no possible prejudice has resulted to the defendants, from the testimony covered by the exception first taken.
It was certainly proper to show what the agent told the defendants when she left the bracelet. Sufficient evidence had been given to establish, if it remained uncontradicted, that the bracelet was the plaintiff’s, and was intrusted to the witness for a special purpose, and with a limited authority as to the terms and conditions on which it could be, lawfully, left with the defendants. Even, if it had been proved that she sold it, and executed a bill of sale of it, it was competent for the plaintiff to show that they bought it with notice that it was the plaintiff's property, and that the mother had no authority to dispose of it, on the terms on which she said it was left, or on which they claimed they received it.
*382 The objection taken to the evidence was that the contract was in writing and could not be varied by parol. Even if in writing, that was no objection to receiving evidence that they were told the mother had no right to make such a contract, as the paper signed by her imports.
But she had previously testified, without objection, that she signed that paper without reading it, being told by Mr. Archer it was a receipt, and believing “ it was a receipt for $100.”
Under such circumstances, it was also competent for her to state fully and precisely what she said to the defendants, as pertinent to the inquiry whether she signed the paper under- ■ standing its contents and meaning.
The general rule as to the necessity of a tender, and what was essential to a sufficient tender, was stated to the jury as favorably for the defendants as they could ask.
If the plaintiff went with a person to make a tender, and with money enough to pay all the defendants had a right to ask, and if the defendants understood that the plaintiff had come for that purpose, and understanding that, told the person with her, on being informed by him that he and the plaintiff had come to tender them money, and get the bracelet; “to get away,” they “ would have nothing to do with it,” it could not be necessary to exhibit the money or make a more formal offer.
If the jury believed that was said, they were justified in-finding an unqualified refusal to give up the bracelet on any terms, and that the defendants, dispensed with an actual tender.
They might very properly find that this was said, as the plaintiff swore to it, and the defendants, although examined, did not deny it.
We think no error was committed for which a new trial can be granted, and that the judgment must be affirmed
Judgment affirmed.